**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-40109
Summary Calendar

GLENDALE JOHNSON,

Plaintiff-Appellant,

VERSUS

JIMMY ALFORD, Warden, Eastham Unit; JUDY KILGORE, Registered
Nurse, Michael Unit, Tennessee Colony, Texas; WAYNE SCOTT, Deputy
Director of Operation, TDCJ-ID, Huntsville, Texas; KENNETH R.
HONEYCUTT, Correctional Officer COII, Tennessee Colony, Texas; MARK
L. BASS, Correctional Officer, COIII, Tennessee Colony, Texas;
ROBERT TAYLOR, Sergeant, Tennessee Colony, Texas; MARK L. BASS,
Correctional Officer COIII, Tennessee Colony, Texas; KEITH BAYLISS,
Correctional Officer COIII, Tennessee Colony, Texas; CHRISTOPHER N.
COOK, Correctional Officer, COIII, Tennessee Colony, Texas; CLIFTON
WARNER, Lieutenant,

Defendants-Appellees.

Appeal from the United States District Court
For the Eastern District of Texas
(6:95-CV-526)

May 27, 1996

Before HIGGINBOTHAM, DUHE and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Appellant Johnson's civil rights action under 18 U.S.C. Sec.
1983 was dismissed by the district court under Section 1915(d) as
being repetitious of a previous filing.  We reverse and remand.

---

[1] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Johnson alleges that on July 22, 1994, he and other inmates were beaten by prison guards in retaliation for a civil rights action Johnson had filed and that the prison personnel were deliberately indifferent to his serious medical needs resulting from the injuries he received in that beating. Johnson correctly alleges that he tried to raise these same claims in his prior litigation but the court would not entertain them. He did not raise this issue in his objection to the magistrate judge's report and recommendation so we examine it only for plain error. <u>Douglas v. United Serv. Automobile Assn.</u>, 79 F.3d 1415 (5th Cir. 1996). The record makes clear that there was error and that it was plain.

In his earlier suit (No. 6:93cv594 in the district court), Appellant attempted to raise these claims but the magistrate judge declined to hear them reasoning that the events alleged occurred after the filing of that suit, and that to entertain the new claims would unnecessarily delay the progress of that litigation. He even advised Johnson that he could bring the claims in a later suit. The district court adopted these findings of the magistrate judge. To now dismiss the new suit on the basis that the claims were disposed of in the earlier litigation is plain error and affects the Appellant's substantial rights.

REVERSED AND REMANDED.